Cite as 2023 Ark. 30

# SUPREME COURT OF ARKANSAS
No. CV-22-283

| | |
|---|---|
| CENARK INVESTMENT GROUP, LLC<br>APPELLANT | Opinion Delivered: March 9, 2023 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60CV-21-998] |
| LARRY WALTHER, SECRETARY OF THE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION<br>APPELLEE | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| | REVERSED AND REMANDED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Cenark Investment Group, LLC, appeals the Pulaski County Circuit Court's order affirming a decision of the Arkansas Department of Finance and Administration (DFA) concerning certain adjustments in the sum of $54,820 to Cenark's taxable income and to its shareholders' accounts for tax years 2016 through 2018. For reversal, Cenark argues that the circuit court erred in affirming DFA's decision on the basis of its erroneous interpretation of Arkansas Code Annotated section 26-18-406 (Repl. 2020), which provides that a suit in circuit court to contest a DFA assessment "shall be tried de novo." We reverse and remand.

Cenark initiated an administrative proceeding pursuant to the Arkansas Tax Procedure Act, codified at Arkansas Code Annotated sections 26-18-101 et seq. (Repl. 2020),

to protest proposed assessments by DFA. On administrative appeal, the administrative law judge sustained DFA's assessments.

Cenark filed a complaint and an amended complaint against appellee Larry Walther, Secretary of DFA, seeking judicial review of DFA's assessments under section 26-18-406. DFA answered, and pursuant to the circuit court's briefing order, both parties submitted pretrial briefs. While Cenark attached several exhibits to its pretrial brief, DFA did not. In its brief, Cenark reserved the right to present additional evidence at trial. Neither party filed any dispositive motion, and the circuit court did not hold a hearing.

On February 22, 2022, the circuit court sua sponte entered an order affirming the decision of DFA and ruling:

> On this day came on for consideration Plaintiff's Complaint filed on February 2, 2021. The court finds that the decision of the Arkansas Department of Finance & Administration should be and is hereby affirmed.

Cenark then filed a motion to set aside the order of dismissal and for new trial, pursuant to Rule 52 and Rule 59 of the Arkansas Rules of Civil Procedure. Cenark contended that the order had not been requested by either party and that it had deprived Cenark of its right to a trial de novo, pursuant to section 26-18-406. DFA did not file a response. On March 28, 2022, the circuit court entered an order denying Cenark's motion to set aside. Cenark timely appealed.

This appeal is a companion case to *A-1 Recovery Towing and Recovery, Inc. v. Walther*, 2023 Ark. ___ (CV-22-281). Like A-1, Cenark raises the same argument that the circuit court erred in affirming DFA's decision without affording it a trial de novo pursuant to section

26-18-406. Thus, for the reasons set forth in *A-1 Recovery Towing* and incorporated by reference herein, we reverse and remand to the circuit court for further proceedings.

Reversed and remanded.

WOMACK, J., concurs without opinion.

BAKER, WOOD, and WEBB, JJ., dissent.

**KAREN R. BAKER, Justice, dissenting.** I dissent for the reasons stated in my dissent in companion case, *A-1 Recovery Towing and Recovery, Inc. v. Walther*, 2023 Ark. ___ (Baker, J., dissenting).

WOOD and WEBB, JJ., join.

*Stephen L. Curry*; and *Wingfield & Corry, P.A.*, by: *Nicolas Corry* and *Petra Bailey*, for appellant.

*Bradley B. Young* and *Caroline Calvert*, Office of Revenue Legal Counel, for appellee.